O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#4/5
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3979 PSG (AJWx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust v. Serrano Leonardo | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:** (In Chambers) Order REMANDING case to state court

      On May 10, 2011, Defendant Serrano Leonardo ("Defendant") filed a notice of removal of an unlawful detainer action brought by Plaintiff Deutsche Bank National Trust ("Plaintiff"). After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

      Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

      The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L. Ed. 2d 318 (1987). Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#4/5
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3979 PSG (AJWx) | Date | August 1, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust v. Serrano Leonardo | | |

     Although Defendant states that Plaintiff's claim arises under Federal Law, Defendant cites no specific Federal Statute. *Removal* 1:1-5. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Nw. Nat'l Life Ins. Co*., 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, 3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removeability of a case.").

     Furthermore, the Court notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a). Here, Defendant's notice of removal fails to establish Plaintiff's state of incorporation or principal place of business. Also, from the face of Plaintiff's state civil case cover sheet, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs, as Plaintiff seeks less than $25,000. Thus, diversity jurisdiction is lacking.

     Even if the Court were to find that complete diversity existed between the parties and the amount in controversy requirement was met, this action would not be removable to a District Court in California. If the Court's basis for subject matter jurisdiction is founded on diversity, an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendant's notice of removal states that Defendant is a resident of California, the state in which such action was brought, which is *prima facie* evidence of domicile. *See e.g. Gonzalez v. First NLC Fin. Servs*, No. CV 09-4147 FHM RZx, 2009 WL 2513670, at *2 (C.D. Cal. June 12, 2009) Thus, this action is not removable to a District Court in California.

     For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case.

     **IT IS SO ORDERED.**